112 T.C. No. 17


UNITED STATES TAX COURT


ROBERT W. AND JANET L. CARLSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos.  8907-97, 23135-97.    Filed April 30, 1999.


        P is a shareholder of A, an S corporation.  A is
engaged in the business of selling residential timeshare
units to individuals on an installment basis.  A elected
under sec. 453(l)(3)(A), I.R.C., to report installment sale
income under the installment method.  P, in his capacity as
a shareholder, paid additional tax equal to the interest on
the amount of tax deferred as a result of A's use of the
installment method, as required under sec. 453(l)(3)(A),
I.R.C.  Pursuant to sec. 453(l)(3)(c), Ps deducted the
payment as interest on their joint Federal income tax
returns for 1993, 1994, 1995, and 1996.  R disallowed the
interest deductions in full on the basis that the interest
constituted nondeductible personal interest under sec.
163(h)(2)(A), I.R.C. and sec. 1.163-9T(2)(i)(B), Temporary
Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987).

        <u>Held</u>: Ps may not deduct the sec. 453(l)(3)(A), I.R.C.,
interest on the tax incurred by P on installment sales of

timeshares by A, because the interest is not properly allocable to a trade or business of P.  See sec. 163(h)(2)(A),  I.R.C.

John A. Sanders, for petitioners.

William R. McCants, for respondent.

OPINION

NIMS, Judge:  In these consolidated cases, respondent determined the following deficiencies with respect to petitioners' Federal income taxes:

| Year | Deficiency |
|------|------------|
| 1993 | $151,323 |
| 1994 | 223,015 |
| 1995 | 212,305 |
| 1996 | 198,426 |

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

The sole issue for decision is the deductibility of interest paid by Robert W. Carlson (petitioner), an S corporation shareholder, pursuant to an election under section 453(l)(3)(A) (relating to installment sales of timeshares and residential lots).

This case was submitted with fully stipulated facts under Rule 122.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Freeport, Grand Bahama, Bahamas, when they filed their petitions.

## Background

Petitioner formed Aqua Sun Investments, Inc. (Aqua Sun), as a Florida corporation in 1984.  Petitioner was the president and sole shareholder of Aqua Sun from 1984 through 1995.  In 1996, petitioner's son acquired a .083 percent equity interest in Aqua Sun, reducing petitioner's ownership percentage to 99.917 percent.

Aqua Sun was an S corporation during the years at issue. During that time, Aqua Sun's primary business was the development, construction, and sale of residential timeshare units to individuals.  Aqua Sun's timeshare development activities have involved both the acquisition and the renovation of existing buildings as well as the construction of new facilities.  All of Aqua Sun's timeshare developments are located in either Ormond Beach, Daytona Beach, St. Petersburg, or Kissimmee, Florida.

During the years in issue, Aqua Sun, in the ordinary course of its business, sold residential timeshare units to individuals on an installment basis whereby the sales price of a unit was to be paid in installments over a specified period of time.  Aqua

Sun elected to report the income from the installment sales using the installment method, as permitted under section 453(l)(2)(B).

During each year at issue, petitioner, in his capacity as a shareholder, paid an additional tax equal to the interest on the tax deferred as a result of Aqua Sun's election of the installment method. The amount of interest was determined with reference to petitioners' tax liability for the previous tax year, so that the interest paid in 1993, 1994, 1995, and 1996 related to petitioners' Federal income tax liability on Aqua Sun's installment sales of timeshare units, as reported on petitioners' returns for 1992, 1993, 1994, and 1995, respectively.

Petitioners computed the interest on the deferred tax liability in accordance with section 453(l)(3)(B) and reported the interest as a business deduction on Schedule E, Part II, of Forms 1040 for 1993, 1994, 1995, and 1996, in the following amounts:

| Year | Interest Paid |
|------|---------------|
| 1993 | $382,127 |
| 1994 | 563,169 |
| 1995 | 536,124 |
| 1996 | 501,077 |

In the notices of deficiency, respondent disallowed petitioners' interest deductions in full because petitioners had failed to establish that said interest payments were allowable business interest expense deductions.

## Discussion

As stated, the sole issue for decision is whether petitioners may deduct interest which they paid pursuant to an election under section 453(l)(2)(B)(i) (relating to installment sales of timeshares and residential lots).

Under section 453(b)(2)(A), an installment sale of real property held for sale to customers in the ordinary course of business is ineligible for installment sale treatment, since the sale is treated as a "dealer disposition" as defined in section 453(l)(1)(B). Dispositions of timeshares and residential lots are excepted from the dealer disposition definition, however, if the taxpayer elects to have paragraph (3) of section 453(l) apply to any installment obligations which arise from such dispositions.

There are conditions attached to the privilege of exercising the election, the only significant condition for purposes of this case being the following: the taxpayer must agree to pay an additional tax, taken into account under section 453(l)(3)(C) as interest paid or accrued during the taxable year.

The parties stipulated that there is no dispute that Aqua Sun was in the business of selling residential timeshare units and was entitled to report income from its residential timeshare

sales using the installment method, and there is no dispute concerning the amount of interest that petitioner was required to pay under section 453(l)(3).

Petitioners do not deny that the business of selling timeshares was conducted by Aqua Sun, and not by petitioner. They say in their opening brief that the section 453(l)(3)(C) interest paid by petitioner arises out of, and relates directly and exclusively to, the taxes imposed on petitioners as a result of the trade or business activities of Aqua Sun. They thus appear to be arguing that Aqua Sun's trade or business is to be imputed to petitioner. Having made this connection, petitioners go on to argue that the interest that petitioner paid falls within the personal interest exception contained in section 163(h)(2)(A). That section provides that "personal interest" does not include "interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee)."

Petitioners must get over one more hurdle in order to prevail; namely, the provisions of section 1.163-9T(b)(2)(i)(B), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987). This section of the temporary regulations provides that personal interest includes interest paid under what was formerly section 453C(e)(4)(B) and is now section 453(l)(3)(C); i.e., interest

paid on the tax deferred by reason of the installment sale of timeshares and residential lots.  Petitioners argue that this regulation is invalid.

Respondent argues that the interest paid by petitioner as a shareholder of an S corporation, pursuant to section 453(l)(3), is nondeductible personal interest under section 163(h).

We agree with respondent because, whether or not section 453(l)(3) interest can ever be deemed "properly allocable to a trade or business" under the exception to personal interest treatment contained in section 163(h)(2)(A), the trade or business in this case was that of Aqua Sun, and not that of petitioners.

S corporations and partnerships, among certain other entities, are commonly known as "passthrough entities".  In United States v. Basye, 410 U.S. 441, 448 (1973), the Supreme Court noted that "while the partnership itself pays no taxes, * * * it must report the income it generates * * * .  For this purpose * * * the partnership is regarded as an independently recognizable entity." (Emphasis added).  The partnership is thereafter treated as an agent or conduit through which the income passes; i.e., as a passthrough entity, but nevertheless a freestanding entity.  See id.

Under section 1366, relating to "Pass-thru of items to shareholders," and specifically subsection (a)(2), nonseparately

computed income or loss of an S corporation is defined as gross income minus the deductions <u>allowed to the corporation</u> under Chapter 1 of the Internal Revenue Code. Thus, for example, assuming Aqua Sun were entitled to a deduction for interest on an indebtedness incurred to finance the construction of timeshares, Aqua Sun's gross income would be reduced by the amount of the deduction, before the passthrough to petitioner. The interest which petitioners seek to deduct as a trade or business expense is not an item which passes through from Aqua Sun to petitioner, since the tax on which the interest must be paid is not imposed on Aqua Sun, but directly on petitioner.

Section 163(h)(1) provides that in the case of a taxpayer other than a corporation, no deduction is allowed for "personal interest". Among other things, personal interest is defined as any interest allowable as a deduction under Chapter 1 of the Internal Revenue Code other than, as we have said, interest paid or accrued on indebtedness "allocable to a trade or business." Sec. 163(h)(2)(A). The quoted language was substituted for interest paid or accrued on indebtedness "incurred or continued in connection with the conduct of" a trade or business, by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 1005(c)(1), 102 Stat. 3342. Petitioners argue that while the previous language may have referred to a trade or

business of the taxpayer, the new language broadens the scope of section 163(h)(2)(A) to include any trade or business, which in this case can include a trade or business of Aqua Sun.

Petitioners attempt to distinguish True v. United States, 72 AFTR 2d 93-5660, 93-2 USTC par. 50,461 (D. Wyo. 1993), affd. without published opinion 35 F.3d 574 (10th Cir. 1994), relied upon by respondent. On brief, petitioners acknowledge True's holding that interest paid by an individual shareholder of an S corporation on a tax deficiency attributable to the business of the S corporation is not deductible by the shareholder under section 62(a)(1) as a trade or business expense, which must be "attributable to a trade or business of the taxpayer". In True, the District Court held that the interest was not an allowable trade or business deduction because the S corporation's business activities were not attributed to the shareholders for purposes of section 62(a)(1).

Petitioners argue that True v. United States, supra, dealt with tax years prior to the enactment of present section 163(h). Consequently, petitioners say, the holding in True has nothing to do with whether such interest expense is "properly allocable to a trade or business" under section 163(h)(2)(A). Unlike section 62(a)(1), which requires the trade or business to be conducted by the taxpayer, petitioners contend that section 163(h)(2)(A) merely requires that interest be "properly allocable to a trade

or business" in order for it to constitute deductible business interest. In petitioners' view, nothing in section 163(h)(2)(A) requires the interest to be paid by the taxpayer conducting the trade or business.

Petitioners seek to bootstrap deductibility of their interest expense by analogizing their interest expense to interest on debt incurred to acquire or increase an interest in a passthrough entity, citing a temporary regulation and several IRS Notices. Referring to rules for allocating interest expense for purposes of applying sections 469 (the "passive loss limitation") and 163(d) and (h) (the "nonbusiness interest limitations"), section 1.163-8T(a)(3), Temporary Income Tax Regs., 52 Fed. Reg. 24999 (July 2, 1987), provides:

> (3) Manner of allocation. In general, interest expense on a debt is allocated in the same manner as the debt to which such interest expense relates is allocated. Debt is allocated by tracing disbursements of the debt proceeds to specific expenditures. This section prescribes rules for tracing debt proceeds to specific expenditures.

However, section 1.163-8T(a)(2) of the same regulations cross-refers to paragraph (b) for definitions. Paragraph (b)(7) defines "trade or business expenditure" as "an expenditure * * * in connection with the conduct of any trade or business other than the trade or business of performing services as an employee."

Thus, if debt proceeds are allocated by the passthrough entity to a trade or business expense, the interest on the debt is similarly allocated. In the case before us, however, no proceeds of debt incurred by Aqua Sun have been allocated by Aqua Sun to its trade or business, so allocation rules are not germane to petitioners' position here.

As a final argument, petitioners seek to have us declare invalid section 1.163-9T(b)(2)(i)(B), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987).

This provision reads as follows:

> (2) Interest relating to taxes--(i) In general. Except as provided in paragraph (b)(2)(iii) of this section, personal interest includes interest--
>
>     *    *    *    *    *    *    *
>
>     (B) Paid under section 453C(e)(4)(B) [now section 453(l)(3)] (interest on deferred tax resulting from certain installment sales) and section 1291(c) (interest on deferred tax attributable to passive foreign investment companies); or * * *

Petitioners' challenge to the validity of this regulation is mooted by our holding that the interest paid by petitioner pursuant to section 453(l)(3) is not paid or incurred in a trade or business of petitioner, so that, regardless of the validity or invalidity of the regulation, we need not consider the merits of petitioners' argument.

In sum, we hold that petitioners may not deduct the section 453(l)(3)(A) interest on the tax incurred by petitioners on installment sales of timeshares by Aqua Sun because the interest is not properly allocable to a trade or business of petitioner, as required under section 163(h)(2)(A).

Decisions will be entered

for respondent.