T.C. Memo. 2004-115


UNITED STATES TAX COURT


ROBERT C. MCKEE AND VALERY W. MCKEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4036-03.                    Filed May 12, 2004.


<u>Donald L. Feurzeig</u>, for petitioners.

<u>Charlotte Mitchell</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  This case is before the Court on
petitioners' motion for reasonable litigation costs filed
pursuant to section 7430 and Rule 231.  Unless otherwise
indicated, all section references are to the Internal Revenue

Code in effect at the time petitioners filed the petition, and all Rule references are to the Tax Court Rules of Practice and Procedure. When the petition in this case was filed, petitioners' mailing address was in Whitethorn, California.

On October 20, 2003, the day this case was calendared for trial, the parties filed a stipulation of settled issues. On October 31, 2003, petitioners filed their motion for reasonable litigation costs. After obtaining an extension of time in which to respond, on February 2, 2004, respondent filed an objection to petitioners' motion. On February 17, 2004, petitioners filed an additional affidavit pursuant to Rule 232(d).

Neither party requested a hearing, and we have concluded that a hearing on this matter is not necessary. See Rule 232(a)(2). In disposing of this motion, we rely on the parties' filings and attached exhibits.

### Background

During 2002, petitioners were selected for audit. In a letter to respondent dated August 9, 2002, on behalf of petitioners, Roland Potter, C.P.A., addressed certain proposed adjustments to petitioners' income tax. Mr. Potter did not enclose any documents with the letter.

As an attachment to a letter dated January 9, 2003, respondent sent to petitioners Form 4549A, Income Tax Examination Changes, for petitioners' 1999, 2000, and 2001 taxable years.

In the letter, respondent provided the following explanation:

> Since the statute of limitations will expire for the
> 1999 year on April 15, we cannot issue a 30 day letter
> that would allow you to file a protest to have your
> case heard by our Appeals division.  We send [sic] you
> a statute extension earlier, but since you did not sign
> and return the extension[,] April 15 remains the
> statute date.  If your case is unagreed, we will send
> you a statutory notice of deficiency.  This is a
> certified letter than [sic] will allow you to file a
> petition to have your case heard in Tax Court.  * * *

Respondent also sent a copy of the Form 4549A and a brief cover

letter dated January 17, 2003, to petitioners' attorney, Donald

L. Feurzeig.

In a notice of deficiency dated March 10, 2003 (the notice),

respondent determined the following deficiencies with respect to

petitioners' income tax:

| Year | Deficiency |
|------|-----------|
| 1999 | $42,947 |
| 2000 | 73,891 |
| 2001 | 47,927 |

The notice contained the following errors:  (1) An incomplete

explanation of Schedule E, Supplemental Income and Loss,

adjustments, (2) an alternative minimum tax computational error

twice disallowing petitioners' 1999 net operating loss (NOL), and

(3) missing computations that would have explained the

adjustments to petitioners' 1999 NOL.

On March 13, 2003, petitioners filed a petition with this

Court contesting respondent's determinations.  On April 24, 2003,

respondent filed an answer.  Soon thereafter, in a letter dated

May 5, 2003, petitioners submitted to respondent a section 7430(g) qualified offer in the amount of $6,000. Respondent did not accept petitioners' settlement offer.

On August 12, 2003, respondent held an Appeals conference with petitioners' representative. Before the conference, Appeals Officer Melvin M. Chinen had provided to petitioners the information missing from the notice and had agreed to correct the computational error. According to Appeals Officer Chinen, the two main issues in the case were: (1) Whether petitioner Robert C. McKee was a dealer in real estate, whose sales of undeveloped ranch property parcels would be taxed as ordinary income; and (2) whether certain losses petitioners claimed are limited under sections 1366(d), 465, and 469.

As a result of the Appeals conference, the parties reached a settlement. In resolving the dealer in real estate issue, pursuant to petitioners' offer, the parties agreed to treat 50 percent of the parcel sales as sales of dealer property, subject to ordinary income tax, and the other 50 percent as sales giving rise to capital gains.

In June 2002, when petitioners retained Mr. Feurzeig's law firm, Titchell, Maltzman, Mark & Ohleyer, P.C. (the law firm), petitioners agreed to a fee arrangement of $300 per hour. The law firm expended a total of 202.8 hours on petitioners' case.

Petitioners now seek litigation costs of $31,078.28.[1]

## Discussion

Section 7430(a) authorizes the award of reasonable litigation costs to the prevailing party in court proceedings brought by or against the United States in connection with the determination of income tax.  In order to receive an award of reasonable litigation costs, a taxpayer must exhaust administrative remedies and not unreasonably protract the court proceeding, in addition to being the prevailing party.  Sec. 7430(b)(1), (3).  Unless the taxpayer satisfies all of the section 7430 requirements, we do not award costs.  Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Respondent concedes that petitioners did not unreasonably protract the court proceeding.  Respondent contends, however, that respondent's position with respect to the issues in the notice was substantially justified, that petitioners did not

---

[1]According to one statement in their motion for reasonable litigation costs, petitioners "claim litigation costs of $29,800 all of which were incurred after the Statutory Notice of Deficiency was issued on March 10, 2003".  However, in their prayer for relief, petitioners ask that we "determine that the award of litigation costs of $31,078.28 is reasonable".  Both the supporting affidavit attached to the motion and petitioners' additional affidavit filed pursuant to Rule 232(d) list costs totaling $31,078.28.  After examining the detailed summary of the nature and amount of each item of costs, for purposes of disposing of this motion, we conclude that the court costs and "fees paid or incurred for the services of attorneys in connection with the court proceeding" totaled $31,078.28.  See sec. 7430(c)(1).

exhaust the administrative remedies available to them, and that the costs petitioners claim are unreasonable.  In contrast, petitioners contend that they were the prevailing party with respect to both the amount in controversy and the most significant issue or set of issues, that they exhausted all available administrative remedies, and that the amount of litigation costs sought is reasonable.

Section 7430(c)(4)(A) and (B)(i) provides that a taxpayer is a prevailing party if (1) the Commissioner's position in the court proceeding was not substantially justified, (2) the taxpayer substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues, and (3) the taxpayer meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (2000).  See also sec. 301.7430-5(a), Proced. & Admin. Regs.  Although the taxpayer has the burden of proving that the taxpayer meets requirements (2) and (3), supra, the Commissioner must show that the Commissioner's position was substantially justified.  See sec. 7430(c)(4)(B)(i); Rule 232(e).

Respondent concedes that petitioners meet the net worth requirement of 28 U.S.C. section 2412(d)(2)(B).  We first consider whether respondent's position in the court proceeding was substantially justified.

For purposes of deciding a motion for reasonable litigation costs, section 7430(c)(7)(A) defines the Commissioner's "position" as the position taken in the court proceeding. In the present case, respondent took a position when respondent filed an answer to petitioners' petition. See Huffman v. Commissioner, 978 F.2d 1139, 1149 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).

The Commissioner's position is substantially justified if it has a reasonable basis in both fact and law and is justified to a degree that could satisfy a reasonable person. Huffman v. Commissioner, supra at 1147 n.8 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Rosario v. Commissioner, T.C. Memo. 2002-247; sec. 301.7430-5(c)(1), Proced. & Admin. Regs. In deciding whether the Commissioner's position was substantially justified, a significant factor is whether, on or before the date the Commissioner assumed the position, the taxpayer provided "all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position to the appropriate Internal Revenue Service personnel."[2] Sec. 301.7430-

---

[2]"Appropriate Internal Revenue Service personnel" are those employees who are reviewing the taxpayer's information or arguments, or employees who, in the normal course of procedure and administration, would transfer the information or arguments to the reviewing employees. Sec. 301.7430-5(c)(1), Proced. & Admin. Regs.

5(c)(1), Proced. & Admin. Regs.

Petitioners contend that respondent's position in the answer was not substantially justified because it was "patently incorrect or not adequately stated to be justified".  In so arguing, petitioners rely on the following statements respondent made in the answer:  (1) Respondent denied that the three errors in the notice existed, and (2) respondent denied that certain adjustments to petitioners' income tax, which respondent eventually conceded, were incorrect.  In addition, petitioners assert that Mr. Potter's letter of August 9, 2002, had addressed some of the adjustments that respondent later conceded.  According to petitioners, respondent's position in the answer was not substantially justified because respondent had been "presented with undisputed contrary facts" beforehand.

Although respondent ultimately conceded certain adjustments to petitioners' income taxes for 1999, 2000, and 2001, our focus is on the information that respondent possessed at the time of filing the answer.  Rosario v. Commissioner, supra.  The only information petitioners had provided before respondent filed the answer was the information contained in Mr. Potter's letter.  In the letter, Mr. Potter set forth petitioners' disagreements with respondent's proposed adjustment but included no supporting documents or other proof of his assertions.  Respondent was not required to concede the case on the basis of Mr. Potter's letter

alone.  We agree with respondent that petitioners did not provide to respondent all relevant information under their control on or before the date respondent filed the answer.

Moreover, after reviewing the extracts from Appeals Officer Chinen's Appeals closing memorandum, which explains respondent's position, it is clear that respondent's position in the answer had a reasonable basis in both fact and law that could satisfy a reasonable person.  The dealer in real estate issue was a close factual issue, as evidenced by its 50/50 settlement.  In addition, with respect to the issue of losses petitioners claimed, the Appeals closing memorandum demonstrates that the adjustments were reasonable, and errors were attributable to the complexity of the Code provisions.  Respondent has established that respondent's position was substantially justified, and, accordingly, we do not treat petitioners as the prevailing party. See sec. 7430(c)(4)(B)(i).

After concluding that petitioners were not the prevailing party, we need not consider whether petitioners exhausted their administrative remedies or whether the costs petitioners claimed are reasonable.  See Minahan v. Commissioner, 88 T.C. at 497.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will
be issued.</u>