T.C. Memo. 2004-169


UNITED STATES TAX COURT


ROBERT C. MCKEE AND VALERY W. MCKEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent<sup>*</sup>


Docket No. 4036-03.                    Filed July 19, 2004.


<u>Donald L. Feurzeig</u>, for petitioners.

<u>Charlotte Mitchell</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  On June 3, 2004, pursuant to Rule 161,[1]

petitioners filed a timely motion for reconsideration of this

_____

<sup>*</sup>This opinion supplements our previously filed opinion in
<u>McKee v. Commissioner</u>, T.C. Memo. 2004-115.

[1]All section references are to the Internal Revenue Code in
effect at all relevant times, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Court's Memorandum Opinion in McKee v. Commissioner, T.C. Memo. 2004-115 (McKee I). In McKee I, we denied petitioners' motion for reasonable litigation costs because respondent's position in the answer was substantially justified and petitioners were not the prevailing party. See sec. 7430(c)(4)(B)(i). In their motion, petitioners allege that this Court "committed substantial errors that were material to the decision in * * * [McKee I]." This Supplemental Memorandum Opinion addresses petitioners' allegations of error.

### Background

We adopt the findings of fact in our prior Memorandum Opinion, McKee I. For convenience and clarity, we repeat below the facts necessary for the disposition of this motion.

In a letter to respondent dated August 9, 2002, on behalf of petitioners, Roland Potter, C.P.A., addressed certain proposed adjustments to petitioners' income tax. Mr. Potter did not enclose any documents with the letter.

In a notice of deficiency dated March 10, 2003, respondent determined deficiencies in petitioners' income tax for the taxable years 1999, 2000, and 2001. After petitioners and respondent filed with this Court a petition and an answer, respectively, respondent held an Appeals Office conference with petitioners' representative. According to Appeals Officer Melvin M. Chinen, the two main issues in the case were: (1) Whether

petitioner Robert C. McKee was a dealer in real estate whose sales of undeveloped ranch property parcels would be taxed as ordinary income; and (2) whether certain losses petitioners claimed are limited under sections 1366(d), 465, and 469. As a result of the Appeals Office conference, the parties reached a settlement. In resolving the dealer in real estate issue, pursuant to petitioners' offer, the parties agreed to treat 50 percent of the parcel sales as sales of dealer property, subject to ordinary income tax, and the other 50 percent as sales giving rise to capital gains.

## Discussion

Reconsideration under Rule 161 is intended to correct substantial errors of fact or law and allow the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding. Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998). This Court has discretion to grant a motion for reconsideration and will not do so unless the moving party shows unusual circumstances or substantial error. Id.; see also Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986). "Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party." Estate of Quick v. Commissioner, supra at 441-442.

In their motion for reconsideration, petitioners assert that, (1) contrary to our conclusion in McKee I, they had provided to respondent all relevant information under their control, and (2) our determination that respondent's position had a reasonable basis in both fact and law failed to consider respondent's position with respect to a proposed increase in tax under section 453(l)(3).[2]  In response, respondent contends that petitioners' allegations of error are not based on new evidence and merely restate and elaborate upon arguments petitioners made in McKee I.

A.  Presentation of Relevant Information

In McKee I, we stated:

The only information petitioners had provided before respondent filed the answer was the information contained in Mr. Potter's letter.  In the letter, Mr. Potter set forth petitioners' disagreements with respondent's proposed adjustment but included no supporting documents or other proof of his assertions.  Respondent was not required to concede the case on the basis of Mr. Potter's letter alone.  * * *

Petitioners allege that "the Court was in error in requiring documents in Petitioners' possession when Respondent possessed

_____

[2]Sec. 453(l) defines dealer dispositions of property for purposes of reporting income from installment sales.  Sec. 453(l)(3) provides that, for installment obligations regarding timeshares and residential lots as described in sec. 453(l)(2)(B), the tax on payments received pursuant to the obligations is increased by the amount of interest determined under sec. 453(l)(3)(B).  Carlson v. Commissioner, 112 T.C. 240, 242-243 (1999).

all of Athgarvan's[3] tax returns." According to petitioners, there were no other relevant supporting documents under their control.

Although the tax returns reported Athgarvan's income for the relevant taxable years, the tax returns were not indisputable evidence of that income. Indeed, an audit of a taxpayer's return is an attempt to ascertain the veracity of the statements made on the return. Respondent was not required to accept Athgarvan's tax returns as fact and concede the case on that basis. Consequently, we find no error in our conclusion in McKee I that petitioners failed to provide all relevant information under their control on or before the date respondent filed the answer.

B. Reasonableness of Respondent's Position in the Answer

Petitioners' second allegation of error involves our conclusion regarding the reasonableness of respondent's position on the dealer in real estate issue. In McKee I, we observed that "The dealer in real estate issue was a close factual issue, as evidenced by its 50/50 settlement." Petitioners contend, however, that respondent actually conceded about 88 percent of the dealer in real estate issue because of concessions of adjustments under section 453(l)(3). Petitioners argue that this

---

[3]Athgarvan Enterprises, Inc., was petitioners' S corporation.

Court ignored the conceded section 453(l)(3) adjustments in determining the reasonableness of respondent's position.

To the contrary, this Court thoroughly considered respondent's position on the dealer in real estate issue. Respondent's concession of adjustments under section 453(l)(3) flowed directly from the parties' agreement to treat petitioner Robert C. McKee as a dealer in real estate with respect to only 50 percent of the parcel sales. Moreover, even if respondent settled 88 percent of the total adjustments related to the dealer in real estate issue in favor of petitioners, that settlement would establish only that petitioners substantially prevailed with respect to the dealer in real estate issue. See Bowden v. Commissioner, T.C. Memo. 1999-30. Whether petitioners substantially prevailed does not affect our determination that respondent's position was substantially justified. See sec. 7430(c)(4)(A)(i) and (B)(i).

C. Conclusion

We have considered petitioners' remaining arguments and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

Petitioners have failed to demonstrate unusual circumstances or substantial errors of fact or law. Accordingly, we will deny petitioners' motion for reconsideration.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued.</u>