JACK TRUGMAN AND JOAN E. TRUGMAN, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7466–11.          Filed May 21, 2012.

Ps were the only shareholders in an S corporation (S). S purchased a residential property, which Ps used as their principal residence. Ps claimed the first-time homebuyer credit under I.R.C. sec. 36. R disallowed the credit because Ps did not purchase the property and S did not qualify as an individual under I.R.C. sec. 36. *Held*: S is not an "individual" for the purpose of I.R.C. sec. 36.

390

Jack Trugman and Joan E. Trugman, pro se.
*Michael W. Bitner* and *Susan K. Bollman*, for respondent.

KROUPA, *Judge*: Respondent disallowed an $8,000 first-time homebuyer credit (tax credit) petitioners claimed for 2009. The sole issue for decision is whether petitioners are entitled to the tax credit for a principal residence purchased through an S corporation. We hold that they are not.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated by this reference. Petitioners resided in Nevada when they filed the petition.

Petitioners are a married couple and the only shareholders of Sanstu Corp. (Sanstu), which owned and rented various real properties in Missouri, Texas and California. Petitioners chose to incorporate Sanstu in Wyoming in 1990 because Wyoming did not have a State income tax. Sanstu also elected to be an S corporation for Federal income tax purposes. Mr. Trugman is a certified business consultant and a registered professional engineer.

Petitioners resided in a California home they had rented for 19 years when they decided to move to Nevada, another State without a State income tax. Sanstu purchased a single-family home in Henderson, Nevada (property) in 2009. Sanstu contributed $319,200 towards the purchase of the property, and petitioners contributed $7,500. Sanstu was the legal owner of the property. The property was petitioners' principal residence. Petitioners had not owned another principal residence during the prior three years.

Petitioners claimed the $8,000 tax credit on their Form 1040, U.S. Individual Income Tax Return, for 2009. Sanstu did not claim the tax credit on its Form 1120S, U.S. Income Tax Return for an S Corporation, for 2009. Respondent issued a deficiency notice to petitioners, disallowing the tax credit. Petitioners timely filed a petition for redetermination with this Court.

### OPINION

This case presents an issue of first impression in this Court. We are asked to decide whether an individual may

claim the tax credit for a principal residence purchased through an S corporation. Respondent argues that petitioners did not purchase the property and that an S corporation is not an "individual" under section 36. Therefore, neither may claim the tax credit. We agree.

We begin with the burden of proof. The taxpayer generally bears the burden of proving the Commissioner's determinations are erroneous. Rule 142(a). [1] The burden of proof may shift to the Commissioner if the taxpayer satisfies certain conditions. Sec. 7491(a). Our resolution is based on a preponderance of the evidence, not on an allocation of the burden of proof. Therefore, we need not consider whether section 7491(a) would apply. *See Estate of Bongard v. Commissioner*, 124 T.C. 95, 111 (2005).

We now consider the relevant provision. Generally, a refundable tax credit is allowed to a first-time homebuyer of a principal residence in the United States. Sec. 36(a). A first-time homebuyer is defined as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence." Sec. 36(c)(1). Our determination rests on the appropriate interpretation of the term "individual" in section 36. *See Glass v. Commissioner*, 124 T.C. 258, 281 (2005), *aff'd*, 471 F.3d 698 (6th Cir. 2006). The Court applies the ordinary meaning to undefined terms. *See Perrin v. United States*, 444 U.S. 37, 42 (1979); *Gates v. Commissioner*, 135 T.C. 1, 6 (2010); *Keene v. Commissioner*, 121 T.C. 8, 14 (2003). Thus, we are asked to decide whether an S corporation qualifies as an "individual" under section 36.

We hold that S corporations are not individuals for purposes of section 36. A corporation, at its core, is a business entity organized under State or Federal law, whether an association, a company or another recognized form. *See* sec. 301.7701–2(b), Proced. & Admin. Regs. A corporation that satisfies certain criteria may elect small business status for Federal income tax purposes. Sec. 1361. An S election does not alter the corporation's corporate status; it merely alters the corporation's Federal tax implications. *See generally* secs.

---

[1] All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

1361, 1363(a); sec. 1.1363–1(a), Income Tax Regs. Items of income, deduction, loss and credit generally pass through to the shareholders. Sec. 1366; *cf. Knott v. Commissioner*, T.C. Memo. 1991–352. S corporations remain freestanding entities "independently recognizable" from their shareholders. *Carlson v. Commissioner*, 112 T.C. 240, 244 (1999) (citing *United States v. Basye*, 410 U.S. 441, 448 (1973)).

Individual taxpayers, on the other hand, are subject to tax under section 1, which sets rates for married and unmarried individuals, heads of households, and estates and trusts. Sec. 1(a)–(e); sec. 1.1–1, Income Tax Regs. A corporation's income is not subject to tax under section 1.[2] Rather, tax is imposed on corporate income under section 11. Accordingly, corporations are not individuals within the meaning of section 1.

We now interpret the term "individual" within section 36. We must look to the entire statute as a whole. *See Fla. Country Clubs, Inc. v. Commissioner*, 122 T.C. 73, 79 (2004), *aff'd*, 404 F.3d 1291 (11th Cir. 2005); *see also Huffman v. Commissioner*, 978 F.2d 1139, 1145 (9th Cir. 1992), *aff'g in part, rev'g in part* T.C. Memo. 1991–144. The tax credit under section 36 references individuals only. It does not mention corporations. Section 36 contemplates various statuses of individuals (e.g., married) that do not apply to corporations.[3]

Further, the tax credit applies only to the purchase of a principal residence.[4] Sec. 36(c). We have previously held that "principal residence," which is undefined in section 36 or section 121, means the chief or primary place where a person lives or the dwelling in which a person resides. *Gates v. Commissioner*, 135 T.C. at 7. Either definition is incompatible with the notion that a business entity has a principal residence. Rather, a corporation has a principal place of business. *See Talmage v. Commissioner*, T.C. Memo. 2008–34 (contrasting the "vocational" nature of a principal place of business with the "domestic" quality of an abode (citing *Bujol v. Commissioner*, T.C. Memo. 1987–230, *aff'd without pub-*

---

[2] In application, individuals are often segregated from corporations. Pt. I of subch. A, ch. 1, subtit. A of the Code is dedicated to individual income, whereas pt. II applies to corporate income. *Compare* secs. 1–5 *with* secs. 11–12. Similarly, individuals are entitled to different credits and deductions. *Compare* secs. 211–223 *with* secs. 241–249.

[3] Sec. 36 contemplates the effect of an individual's marital status, age, citizenship, mortality and enlistment in the military. *See* sec. 36(b)(1)(B), (4), (d)(1), (f)(4)(A), (E). Each is inapplicable to corporations.

[4] The term "principal residence" has the same meaning for purposes of sec. 36 as it does for sec. 121. Sec. 36(c)(2).

*lished opinion*, 842 F.2d 328 (5th Cir. 1988))), *aff'd*, 391 Fed. Appx. 660 (9th Cir. 2010). We read the term "individual" in section 36 to exclude S corporations.

Petitioners are individuals, they are the shareholders of Sanstu, and they reside in the property. They are the only persons who may claim the tax credit. They are not entitled to the tax credit, however, because they did not purchase the property. Sanstu purchased the property. Sanstu is not entitled to the tax credit because it is not an individual under section 36.

Petitioners seek leniency by arguing that IRS representatives indicated that they could claim the tax credit if the property was purchased through the S corporation. It is unfortunate when a taxpayer receives inaccurate information. We have recognized, however, that incorrect legal advice from an IRS employee does not have the force of law and cannot bind the Commissioner or this Court. *See Schwalbach v. Commissioner*, 111 T.C. 215, 228 n.4 (1998); *Richmond v. Commissioner*, T.C. Memo. 2009–207; *Atkin v. Commissioner*, T.C. Memo. 2008–93. Ultimately, statutes, regulations and judicial decisions govern a taxpayer's tax liability. *Richmond v. Commissioner*, T.C. Memo. 2009–207 (citing *Zimmerman v. Commissioner*, 71 T.C. 367, 371 (1978), *aff'd without published opinion*, 614 F.2d 1294 (2d Cir. 1979)). Representations by IRS employees do not affect the outcome here.

As the only shareholders, petitioners arranged for Sanstu to purchase the property. This was of their making. They caused Sanstu to acquire rental and investment properties. They also caused Sanstu to acquire the property, which has markedly different tax consequences. Causing Sanstu to acquire the property as petitioners' principal residence is inconsistent with acquiring real estate for the production of income. Unfortunately for petitioners, the purchase did not satisfy the requirements of section 36. Accordingly, we conclude that petitioners cannot claim the tax credit because the property was purchased through an S corporation.

We have considered all arguments the parties made in reaching our holding, and, to the extent not mentioned, we find them irrelevant or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*