**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-97

UNITED STATES TAX COURT

XUYE LI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 117-12S.                      Filed December 4, 2013.

Xuye Li, pro se.

Shannon Edelstone, for respondent.

SUMMARY OPINION

HAINES, Judge:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), as amended and in effect for the year at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,000 in petitioner's Federal income tax and a penalty under section 6662(a) of $1,600 for 2008. There are two issues for decision. The first issue is whether petitioner is entitled to the first-time homebuyer credit under section 36. We hold he is not. The second issue is whether petitioner is liable for the accuracy-related penalty under section 6662(a). We hold he is not.

## Background

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulations which were found relevant and admissible are incorporated herein by this reference. Petitioner resided in California when he filed the petition.

On February 27, 2009, petitioner's cousin Xiao Zhang acquired legal title to a property in Salinas, California (Salinas property), which was subject to a purchase money mortgage. On May 29, 2009, Xiao Zhang transferred the Salinas property to the Xiao Zhang Family Limited Partnership (Xiao Zhang FLP). Petitioner owned a 47% interest in the Xiao Zhang FLP at the time of the transfer. Petitioner timely filed a 2008 Form 1040, U.S. Individual Income Tax Return,

which showed a tax due of zero but claimed a first-time homebuyer credit for the Salinas property of $8,000 pursuant to section 36(g).

Respondent issued a notice of deficiency to petitioner, disallowing the tax credit. Petitioner timely filed a petition for redetermination with this Court.

Discussion

## I. Burden of Proof

The taxpayer generally bears the burden of proving the Commissioner's determinations are erroneous. Rule 142(a). The burden of proof may shift to the Commissioner if the taxpayer satisfies certain conditions. Sec. 7491(a). Petitioner has neither claimed that the burden shifts to respondent nor shown that he complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioner. See Rule 142(a).

## II. First-Time Homebuyer Credit

Generally, a refundable tax credit is allowed to a first-time homebuyer of a principal residence in the United States. Sec. 36(a). A first-time homebuyer is defined as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence". Sec. 36(c)(1). Section 36(c)(3)(A) defines a "purchase" for purposes of the first-time

homebuyer credit as "any acquisition, but only if * * * the property is not acquired from a person related to the person acquiring such property".

The exact basis on which petitioner contends he is entitled to the first-time homebuyer credit is unclear from the record. We discern from the record that petitioner contends he is entitled to the first-time homebuyer credit because he purchased, at least in part, the Salinas property in the February 2009 purchase. We also discern from the record that petitioner alternatively contends that he is entitled to the credit because of the May 2009 transfer of the Salinas property to the Xiao Zhang FLP. We address each of these alternatives in turn.

To decide when a transfer is complete for tax purposes, we examine all the surrounding facts and circumstances, no single one of which is controlling. Baird v. Commissioner, 68 T.C. 115, 124, (1977). The focus of our inquiry, however, is on when the benefits and burdens of ownership have shifted. Id. Generally, a transfer is complete upon the earlier of the transfer of title or the shift of the benefits and burdens of ownership. Deyoe v. Commissioner, 66 T.C. 904, 910, (1976) (citing Dettmers v. Commissioner, 430 F.2d 1019, 1023 (6th Cir. 1970), aff'g Estate of Johnston v. Commissioner, 51 T.C. 290 (1968)).

We first consider whether petitioner purchased the Salinas property, i.e., acquired ownership in it. The record reflects that sole legal title to the Salinas property was transferred to Xiao Zhang when it was purchased in February 2009. Accordingly, the purchase resulted in Xiao Zhang's, and not petitioner's, acquiring legal ownership of the Salinas property.

The record also reflects that Xiao Zhang was the sole "borrower" under the loan used to finance, at least in part, the purchase of the Salinas property. Petitioner did not offer evidence showing that he contributed money (or anything else of value) toward the purchase price of the Salinas property. More generally, petitioner failed to provide documentation or other persuasive evidence showing that he assumed the benefits and burdens of ownership when the Salinas property was purchased in February 2009. Because petitioner failed to show that he acquired any ownership interest (legal or equitable) from the February 2009 purchase of the Salinas property, we find that petitioner also failed to show that he purchased the Salinas property within the meaning of section 36(c)(3). It follows that the February 2009 purchase of the Salinas property does not entitle petitioner to the first-time homebuyer credit.

We now consider whether the transfer of the Salinas property to the Xiao Zhang FLP entitles petitioner to the first-time homebuyer credit. As previously

mentioned, only individuals are eligible for the first-time homebuyer credit under section 36. For the reasons explained below, the Xiao Zhang FLP is not an individual and hence is not eligible for the first-time homebuyer credit.

The Court applies the ordinary meaning to undefined terms. See Perrin v. United States, 444 U.S. 37, 42 (1979); Gates v. Commissioner, 135 T.C. 1, 6 (2010); Keene v. Commissioner, 121 T.C. 8, 14 (2003). The Court of Appeals for the Federal Circuit in Mohamad v. Rajoub, 634 F.3d 604 (D.C. Cir. 2011), aff'd sub nom. Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012), noted that the "Dictionary Act", which provides guidance "'in determining the meaning of any Act of Congress'", strongly implies that the term "individual" does not include organizations because it defines "person" to include "'corporations, companies, associations, firms, partnerships, societies, * * * as well as individuals.'" Id. at 607 (quoting 1 U.S.C. sec. 1). Similarly, section 7701(a)(1) provides: "The term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." Indeed, throughout the Code, the term "individual" is generally used in contrast with corporations, partnerships, or other entities. For instance, part I of subchapter A of the Code concerns the taxation of individuals, as opposed to part II, which concerns the taxation of corporations.

Additionally, the context of the word "individual" within section 36 strongly implies that it refers only to a natural person. For instance, section 36 refers to married individuals. Because only natural persons can be married, the term "individual" in that context must refer only to natural persons.[2] "'[T]he normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning.'" Commissioner v. Lundy, 516 U.S. 235, 250 (1996) (quoting Sullivan v. Stroop, 496 U.S. 478, 484 (1990)). Accordingly, we conclude that the term "individual" refers only to natural persons throughout section 36.

Further, the tax credit applies only to the purchase of a principal residence. Sec. 36(c). We have previously held that "principal residence", which is undefined in section 36 or section 121, means the chief or primary place where a person lives or the dwelling in which a person resides. Gates v. Commissioner, 135 T.C. at 7. Either definition is incompatible with the notion that a business entity has a principal residence. Rather, a partnership has a principal place of business.

---

[2]Similarly, sec. 36(f)(4)(E) discusses an individual's status as a member of the Armed Forces; only natural persons can serve in the Armed Forces.

Finally, we find the issue in this case, though involving a partnership, no different from the issue in <u>Trugman v. Commissioner</u>, 138 T.C. 390 (2012), in which we held that an S corporation is not an individual for purposes of the first-time homebuyer credit under section 36.

On the basis of the foregoing, we conclude that petitioner has failed to show that he is entitled to the claimed first-time homebuyer credit.

III. <u>Accuracy-Related Penalty</u>

Respondent also determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for 2008. Section 6662(a) and (b) imposes a 20% accuracy-related penalty upon any underpayment attributable to certain causes. Respondent bears the burden of production with respect to petitioner's liability for the accuracy-related penalty and must therefore produce evidence that it is appropriate to impose that penalty. <u>See</u> sec. 7491(c); <u>see also</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). We find respondent has not met his burden of production because there is no underpayment of tax for 2008.

An "underpayment" is defined by section 6664(a), which provides in relevant part:

> SEC. 6664(a). Underpayment.--For purposes of this part, the term "underpayment" means the amount by which any tax imposed by this title exceeds the excess of--

(1) the sum of--

    (A) the amount shown as the tax by the taxpayer on his return, plus

    (B) amounts not so shown previously assessed (or collected without assessment), over

(2) the amount of rebates made.

The amount shown by petitioner on his return was zero. Therefore, neither section 6664(a)(1)(B) nor (2) applies; i.e., both amounts are zero. Accord Snow v. Commissioner, 141 T.C. ___ (Sept. 19, 2013). Consequently, there is an underpayment for 2008 only if the disallowed first-time homebuyer reduces the "amount shown" on the return below zero.

We have recently held that refundable credits such as the first-time homebuyer credit are taken into account in calculating "the amount shown as the tax by the taxpayer on his return" under section 6664(a)(1)(A), but may not reduce the amount shown on the return below zero. See Rand v. Commissioner, 146 T.C. ___, ___ (slip op. at 16) ( Nov. 18, 2013). Applying Rand to the facts of this case, we hold the disallowed first-time homebuyer credit does not reduce the amount shown on the 2008 return. It follows that there is no underpayment for 2008 and that respondent failed to meet his burden of production with respect to imposing

the accuracy-related penalty. We, therefore, hold petitioner is not liable for the accuracy-related penalty.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty</u>.